HARRY ARKOFSKY v. STATE SAVINGS BANK.[1]

February 5, 1904.

Nos. 13,769—(209).

**Deposit in Assumed Name.**

Harry Arkofsky deposited in defendant bank the sum of $350 in the name of an acquaintance, Harry Sachs. At the time the deposit was made he gave his name to the officers of the bank as Harry Sachs, and made out and left with them a deposit slip or identification card, in which he recorded his name as Harry Sachs; giving his place of residence and

[1]Reported in 98 N. W. 326.

other information. He did not inform the officers that his true name was Arkofsky, nor did the officers know that he was other than Harry Sachs. Sachs, having learned of the deposit in his name, subsequently drew out a part of the money, and Arkofsky brought this action against the bank to recover the amount. It is held that plaintiff cannot recover, for the reason that he was guilty of negligence in depositing the money in the name of Sachs without informing the officers of the bank of his true name; that the bank acted in good faith in paying the money to Sachs, and without knowledge that it belonged to plaintiff. The trial court . properly ordered judgment for defendant.

Action in the district court for Ramsey county to recover the sum of $350 deposited with defendant bank by plaintiff under the assumed name of Harry Sachs. Defendant admitted that a deposit of the sum named had been made but claimed credit for $250 paid out by it in good faith on the order of Sachs himself. The case was tried before Jaggard, J., and a jury, which rendered a verdict in favor of plaintiff for the sum demanded. From an order granting a motion for judgment in favor of defendant notwithstanding the verdict, plaintiff appealed. Affirmed.

*H. A. Loughran,* for appellant.

A person, not having a fraudulent or criminal purpose in so doing, may enter into a contract by any name he may choose to assume. All that the law looks to is the identity of the individual, and, when that is ascertained and clearly established, the act will be binding upon him and upon others. Scanlan v. Grimmer, 71 Minn. 351; Wakefield v. Brown, 38 Minn. 361; Bell v. Sun, 10 Jones & S. 567; In re Snook, 2 Hilt. 566; Toole v. Peterson, 31 N. C. 180; Thomas v. Wyatt, 31 Mo. 188; Graham v. Eiszner, 28 Ill. App. 269; Baumeister v. Markham, 101 Ky. 122; Linton v. First National, 10 Fed. 894; Selman v. Shackelford, 17 Ga. 615; Schofield v. Jennings, 68 Ind. 235; Clark v. Clark, 19 Kan. 522; Watson v. Watson, 49 Mich. 540; Binfield v. State, 15 Neb. 484, 490.

A savings bank is bound to use ordinary care in the handling and care of the money of its depositors and in paying out the same. It is required to inspect the signature and see that the depositor is properly identified, and if it fails to do so, it is responsible for any loss that

may occur to a depositor who acts in good faith. Saling v. German, 7 N. Y. Supp. 642; Fox v. Onondaga, 7 N. Y. Supp. 17; Fricke v. German, 4 N. Y. Supp. 627; Smith v. Brooklyn, 101 N. Y. 58; Kummel v. Germania, 127 N. Y. 488; Gearns v. Bowery, 135 N. Y. 557; Brown v. Merrimack, 67 N. H. 549; Ladd v. Augusta, 96 Me. 510; Kingsley v. Whitman, 182 Mass. 252; Ackenhausen v. Peoples, 110 Mich. 175; Wegner v. Second Ward, 76 Wis. 243; Eagle v. Belcher, 89 Ga. 218.

*Warner & Lawrence,* for respondents.

The approximate and sole cause of plaintiff's alleged injury was his own negligence in depositing money in the name of Sachs, in giving Sachs the opportunity to get possession of the pass book, and upon discovering that the book was gone, in not fully apprising the bank of the circumstances attending the deposit and warning it against paying the money to Sachs. Wall v. Emigrant, 19 N. Y. Supp. 194, 196. And see Bates v. First National, 89 N. Y. 286; Brown v. Daugherty, 120 Fed. 526; Honig v. Pacific, 73 Cal. 464; Armstrong v. Johnson, 93 Mo. App. 492; Kerr v. Peoples, 158 Pa. St. 305; People v. State Bank, 36 Hun, 607; McNeil v. Tenth National, 46 N. Y. 325; Schoenwald v. Metropolitan, 57 N. Y. 418.

BROWN, J.

The facts in this case are as follows: Plaintiff, Harry Arkofsky, deposited the sum of $350 in defendant bank in the name of one Harry Sachs. At the time the deposit was made he did not inform the officers of the bank that his true name was Arkofsky, and the bank officers issued to him a passbook evidencing the deposit, which contained certain rules and regulations of the bank relating to deposits. He filled out at the time a deposit slip or identification card, stating his name (which he gave and recorded as Harry Sachs), his occupation, age, his father's and mother's name, and place of birth, and by which card he agreed to be bound by the rules and regulations of the bank, as contained in the passbook. The evidence in the case justified the trial court in finding that the officers of the bank did not know that the money was deposited in other than the true name of plaintiff.

or that it did not belong to the person named Harry Sachs. There was such a person at that time. He was an acquaintance of plaintiff. Plaintiff's excuse for depositing the money in his name was that he did not wish a lady whom he was courting to know that he possessed that amount of money. The rules of the bank required the presentation of the passbook whenever money was drawn from the bank. Plaintiff subsequently lost his passbook. It was probably stolen by Sachs, and the latter thereafter drew out of the bank the sum of $250, presenting the passbook at the time. Plaintiff then brought this action against the bank to recover the full amount of the deposit made by him. After trial in the court below, and a verdict for plaintiff, the court ordered judgment in defendant's favor, notwithstanding the verdict, and plaintiff appealed.

We have been cited to no case similar to that now before us, and in determining it the ordinary rules of equity and good conscience must be applied. When plaintiff deposited his money in a name other than his own—in the name of Sachs—without informing the bank officers of the fact, he put it in the power of Sachs to withdraw the money from the bank at any time; and, if he should be permitted to recover in this action, a rule would be established which would be exceedingly dangerous to banking institutions. The officers of the bank were misled and deceived by the conduct of plaintiff. They had the right to rely upon the statements made by him in his card of identification as true, and the right to treat Harry Sachs as the owner of the funds deposited. Plaintiff was guilty of such gross negligence as not to entitle him to the favorable consideration of the court. That defendant acted honestly, and was not chargeable with neglect of any reasonable precaution to protect the rights of plaintiff, is quite clear from the evidence. Its officers supposed that the money was being drawn out of the bank by the real owner, and there are no facts or circumstances in the record to warrant the suggestion that they acted in any respect in bad faith. It is wholly unlike the case of money being drawn from a bank on a forged check, for there the bank officers are bound, at their peril, to know that the signature on which they pay out the funds of a depositor is genuine. In the case at bar the signature of Sachs, on which the money was paid out, was his genuine

signature; and upon the face of the records of the bank, and all information possessed by the bank officers, he was the person entitled to it.

We are of opinion that the learned trial court properly ordered judgment for defendant, and its action in the premises is affirmed.